## CUBAN PRODUCTION CO. v. RODRIGUEZ.

(Supreme Court, Appellate Division, First Department. February 7, 1908.)

SPECIFIC PERFORMANCE—DEFENSES.

Specific performance of an obligation, under a contract of sale of premises in Cuba, to have the same officially surveyed, will not be decreed. where it appears that there is no certainty that a survey by which good title could be given and recorded can be obtained.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 44, Specific Performance, §§ 30, 31.]

Appeal from Special Term.

Specific performance by the Cuban Production Company against Jose Francisco Rodriguez. Judgment for defendant, and plaintiff appeals. Affirmed.

Argued before PATTERSON, P. J., and McLAUGHLIN, INGRAHAM, LAUGHLIN, and HOUGHTON, JJ.

Charles S. Carrington, for appellant.

J. Hampden Dougherty, for respondent.

LAUGHLIN, J. The action is brought to enforce the specific performance by the defendant of a single provision of a contract by which he and others were to convey to the plaintiff two certain plantations, known as "San Jose de Bayatabo" and "Las Mercedes del Montalvan," in the province of Puerto Principe, in the Island of Cuba, containing 2,666⅔ acres of land, more or less. The contract is in writing, and was executed on or about the 25th day of January, 1901. The parties thereto are the plaintiff, a corporation duly incorporated under the laws of Delaware, and the defendant and his mother and two stepbrothers, who derived their title and interest through one Mateo C. Rodriguez, the father of the defendant, who died in the year 1880, seised of the premises in question. The purchase price specified in the contract is $70,000, $10,000 of which was to be paid in the capital stock of the plaintiff, which had already been delivered to two of the vendors as payment on account of a former contract for the sale thereof, bearing date the 14th day of September, 1889, and the balance to be paid $5,000 in cash and $55,000 in the capital stock of the plaintiff "upon the delivery of proper deed or deeds and a record title" as therein provided. The covenant on the part of the defendant, the specific performance of which is sought in this action, and the material provisions of the contract relating thereto, are as follows:

"Jose F. Rodriguez, one of the parties of the first part, for himself, his heirs, assigns, executors, and administrators, individually covenants and agrees with the party of the second part to forthwith and in the quickest practicable possible time to commence and take such steps as may be necessary to enable the parties of the first part to give the deeds as hereinbefore mentioned; and in consideration of same the party of the second part covenants and agrees to advance to the said Jose F. Rodriguez, such sum and sums of money as may be necessary to effect the same up to a sum not exceeding $1,000; and it is mutually covenanted and agreed by and between the said Jose F. Rodriguez and the party of the second part that all such sum or sums of money so advanced shall be deducted from the aforesaid $5,000 to be paid to the said Jose F. Rodriguez and shall be applied as a payment on account of said $5,000 in cash."

These are the only provisions with respect to the time within which the title should be perfected and deeds tendered. The parties evidently contemplated that considerable time would intervene; for it was expressly provided that the plaintiff should be at liberty to take immediate possession of the property, and it did take possession in the fall of 1902. The evidence shows that good title to the premises could not be given and recorded until they were officially surveyed, and that this was one of the things that the defendant obligated himself to have done; but the evidence fails to show whether it was the only step con-

templated to be done by him under his special agreement. It does not appear that either party was very active or diligent with respect to the performance of this special agreement. The plaintiff never formally tendered any money to the defendant for the expenses of the survey; but, on the other hand, we are of the opinion that the evidence does not sustain the finding that the defendant demanded the payment of the money for the expenses which was refused by the plaintiff. That fact is, however, quite immaterial; for, as we view the case, it is not one in which a specific performance should be decreed. It appears by the evidence that the deeds conveying the interests of the parties could be lawfully executed, although they could not be recorded without an official survey.

The action, however, is not to compel a specific performance of the contract with respect to conveying the premises. The allegations of the complaint and the prayer for relief confine the action to a demand for specific performance of this special agreement on the part of the defendant. It appears by the evidence that there are two forms of official surveys, one of which embraces merely the land in question, and the other embraces the entire tract embraced in the original royal grant, known as a "fundo." It appears that the heirs of a party receiving a grant from the crown, instead of each taking a certain number of acres by agreement, would appraise the value of the land and each would then take his percentage of the total in value "in possession," or so many "pesos de posesion," and each would settle in a different place, called a "sitio," without a survey, and cultivate that section as his own. As each heir died the same practice follows; and each might also sell off a percentage of the valuation allotted to him as so many "dollars in possession" or "pesos de posesion." This practice continued until the enactment of the new recording statute. It was evidently enacted under the American rule in Cuba. The statute with respect to the surveys is not set forth; but the testimony of a duly licensed attorney in the island of Cuba indicates that it is a summary proceeding in court, by which interested parties receive notice and are required to appear before the court in official surveyor, and the determination with respect to the division lines between the respective owners becomes binding upon all who are duly summoned, subject to a right of appeal which apparently exists. It does not clearly appear whether it will suffice to have an official survey of the premises occupied by the defendant's father only on notice to the immediate abutters, or whether it will be necessary to officially survey the entire "fundo" of which it is a part; but it tends to show that an official survey of the entire "fundo" may be necessary. Apparently the proceeding for an official survey may only be demanded by an heir or person directly deriving title through the former owner. Although the law does not require that the party calling for the official survey should be present, it is manifest that the proper protection of his rights and interests may require his presence; and it appears that the defendant could not with safety remain away during the proceeding.

If it were a proper case for a decree of specific performance, the plaintiff, being in possession, might perhaps be relieved from its fail-

ure to tender to the defendant the money for his expenses in making the survey, as provided in the contract. We are of opinion, however, that the court should not attempt to enforce the specific performance of a contract of this kind. The court should not make a decree where it is not clear that it may be carried into effect. The court cannot supervise this survey. There is no certainty that the defendant could within a given time, or ever, obtain an official survey by which good title to the premises could be given and recorded, and the court should not make a decree that would require him to go to the Island of Cuba and there institute proceedings of a legal nature and be responsible for the final determination thereof, which necessarily must rest with others. As this court cannot control the proceedings, it should not command the defendant to institute and control it.

It follows, therefore, that the judgment should be affirmed, with costs. All concur.